Filed 12/14/21  P. v. McDaniel CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

### DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br>v.<br><br>ANTHONY MCDANIEL, JR.,<br><br>  Defendant and Appellant. | 2d Crim. No. B308845<br>(Super. Ct. No 2007027559)<br>(Ventura County) |

Anthony McDaniel, Jr. appeals an order denying his 2020 petition for resentencing under Penal Code section 1170.95.[1]

McDaniel was previously convicted of *first degree murder* of Daniel Q. (§§ 187, subd. (a), 189), with findings that he committed the offense for the benefit of a criminal street gang while he was an active participant in a gang (§§ 186.22, subd. (b)(1), 190.2, subd. (a)(22)), and he personally and intentionally discharged a firearm causing great bodily injury and death (§ 12022.53, subd. (d)).  He was also convicted of *attempted murder* of Cesar N. and Pablo M. (§§ 664, 187, subd. (a)), with findings that these offenses were committed for the benefit of a

---

[1] All statutory references are to the Penal Code.

criminal street gang (§ 186.22, subd. (b)(1)), and he personally used and personally and intentionally discharged a firearm and caused great bodily injury to Pablo M. (§ 12022.53, subds. (b), (c), (d) & (e)(1)) and second degree robbery (§ 211). (*People v. McDaniel* (Jan. 10, 2012, B226763 [nonpub. opn.].) The court sentenced him to a term of life without the possibility of parole and a "fixed determinate term" of 97 years 4 months. (*Ibid.*) In 2012, we affirmed these convictions. (*Ibid.*)

We appointed counsel to represent McDaniel on this appeal. After examination of the record, his counsel was not able to find any arguable issues on appeal. Counsel filed an opening brief requesting the court to make a review under *People v. Wende* (1979) 25 Cal.3d 436.

We notified McDaniel of his right to file a supplemental brief. He filed a request for judicial notice on September 7, 2021, which we grant. This document is also essentially a supplemental brief. McDaniel claims the trial court erred by denying his section 1170.95 petition and that he is entitled to a reversal and a new hearing. We disagree.

Section 1170.95 does not provide resentencing relief for a defendant convicted of murder who was the actual killer or "a major participant in the underlying felony who acted with reckless indifference to human life." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417.) This statute was enacted to provide resentencing relief for those convicted of murder whose murder convictions were the result of a jury being instructed with the natural and probable consequences doctrine. (§ 1170.95, subd. (a)(1).)

McDaniel was the actual killer of Daniel Q. He shot Daniel Q., who was unarmed, while the victim was walking down

the street.  (*People v. McDaniel, supra*, B226763.)  The jury was not instructed with the natural and probable consequences doctrine.  In denying his section 1170.95 petition, the trial court found McDaniel was not eligible for relief because he "was the actual killer and the killing was nothing less than a willful, premeditated and deliberate murder of Daniel Q."  The record supports that finding.

McDaniel contends the trial court erred by ruling that his two attempted murder convictions could not be resentenced under section 1170.95 because that section applies only to murder convictions.  He notes that the Legislature recently passed Senate Bill No. 775 (2021-2022 Reg. Sess.) that includes resentencing relief for attempted murder convictions.  (§ 1170.95, as amended by Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.)

But even applying Senate Bill No. 775 here, the result would not change because McDaniel is not eligible for section 1170.95 relief.  The two counts of attempted murder stem from an incident where McDaniel entered a bakery, and while attempting to commit a robbery there, he shot Pablo M. twice in the back and once in the buttocks after Pablo M. tried to move away.  McDaniel shot Cesar N. in the arm after Cesar N. tried to hide next to a pillar.  (*People v. McDaniel, supra*, B226763.)

For attempted murder, the jury was not instructed with the natural and probable consequences doctrine.  In denying McDaniel's section 1170.95 petition, the trial court found, "Petitioner's attempted murder convictions rest on a willful attempted killing with malice aforethought.  The jury was instructed that a conviction of attempted murder required a finding that Petitioner specifically intended to commit the crime of murder.  As to two victims, the jury found that Petitioner had

3

the requisite intent to kill and that, as to all the victims of this violent episode, Petitioner was the actual shooter. Petitioner's convictions are based solely on his own behavior and intent and [do] not flow from the behavior or intent of a co-participant."

McDaniel contends the trial court erred by not appointing counsel for him. But a failure to appoint counsel on a section 1170.95 petition is reviewed under a harmless error standard under *People v. Watson* (1956) 46 Cal.2d 818. (*People v. Lewis* (2021) 11 Cal.5th 952, 957-958.) Because of the facts of this case, and because he is not eligible for section 1170.95 relief, any error is harmless.

McDaniel claims his appointed appellate counsel should not have filed a *Wende* brief. Given the record, there is no showing that his counsel has not provided adequate assistance or erred by filing a *Wende* brief. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

We have reviewed McDaniel's remaining contentions and we conclude that he has not shown grounds for a reversal of the order denying his section 1170.95 petition.

After examination of the record, we are satisfied that no arguable issues exist. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441, 443.)

The order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


PERREN, J.          TANGEMAN, J.

4

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.